

CIVIL
N.J. SU...
MIDDLES...

2017 FEB

FILED

**WHITE AND WILLIAMS LLP**
By: Robert T. Pindulic, Esq.
Identification No.: 036781989
The Legal Center, One Riverfront Plaza
1037 Raymond Boulevard, Suite 230
Newark, New Jersey 07102-5425
Phone No.: (201) 368-7200
*Attorneys for Plaintiff, State Farm Fire and Casualty Company*

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>NAJIB K. NABI, JOSEPH C. STIMMELL, JOHN DOES (1-10); & ABC CORPS. (1-10),3<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: MIDDLESEX COUNTY<br>DOCKET NO.:<br>MID-L- 00688-17<br>Civil Action<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT AND JURY DEMAND** |

Plaintiff, State Farm Fire and Casualty Company (hereinafter "State Farm"), a corporation of the State of Illinois, by way of Complaint for Declaratory Judgment, hereby states as follows:

### I. THE PARTIES

1. Plaintiff, State Farm, was and is an insurance company licensed to do and doing business in the State of New Jersey and organized and existing by virtue of the laws of the State of Illinois with its principal place of business in the State of Illinois.

2. Defendant, Najib K. Nabi, upon information and belief, is an adult residing at 13 Meredith Road, Edison, New Jersey 08817.

3. Defendant, Joseph C. Stimmel, upon information and belief, is an adult residing at

18304540v.1

9 Ruskin Court, Wayne, New Jersey 07470.

4. John Does 1-10 and ABC Corps. 1-10 are fictitiously named herein due to plaintiff's lack of knowledge of their individual and/or corporate identities. At said time as the plaintiff learns of their individual identities, this Complaint may be amended.

## II. THE POLICY

5. Defendant, Najib K. Nabi, upon information and belief, was an insured under a Homeowner's Policy issued by State Farm under Policy Number 30-CQ-8152-9.

## III. FACTUAL BACKGROUND

6. Joseph C. Stimmel was the victim of an assault and battery committed by Najib K. Nabi at the Golden Rail Bar in New Brunswick on or about May 16, 2014.

7. As a result of the foregoing, a Complaint was filed on behalf of Joseph C. Stimmel against Najib K. Nabi, in which Joseph C. Stimmel claims that he was physically confronted and injured by Najib K. Nabi **(Exhibit 1)**.

8. In the Complaint filed on behalf of Joseph C. Stimmel, he further alleges that he sustained serious and permanent injuries as a result of this physical confrontation **(Exhibit 1)**.

9. Investigation has revealed that during the incident that forms the basis of the Complaint filed on behalf of Joseph C. Stimmel, Najib K. Nabi struck Joseph C. Stimmel in the head/face area with a glass.

10. State Farm has determined that Najib K. Nabi is not entitled to coverage or a defense under Policy Number 30-CQ-8152-9 with respect to the claims pursued against him by Joseph C. Stimmel.

## IV. NATURE OF THE ACTION

11. In this action, State Farm seeks a Declaratory Judgment, pursuant to *N.J.S.A.* 2A:16-55 et seq., that it has no duty to defend or indemnify Najib K. Nabi under Policy Number

18304540v.1

30-CQ-8152-9 for the claims asserted against him by or on behalf of Joseph C. Stimmel.

12. Under Coverage L-Personal Liability in Section II of the subject policy, coverage is only provided as follows:

> If a claim is made or suit is brought against an **insured** for damages because of **bodily injury** or **property damage** to which this coverage applies, caused by an **occurrence**, we will:
>
> 1. pay up to our limit for the damages for which the **insured** is legally liable; and
>
> 2. provide a defense at our expense by counsel of our choice. We may make any investigation and settle any claim or suit that we decide is appropriate. Our obligation to defend any claim or suit ends when the amount we pay for damages, to effect, settlement or satisfy a judgment resulting from the **occurrence**, equals our limit of liability.

13. The policy defines "occurrence", when used in Section II of this policy, to mean an accident.

14. The policy issued by State Farm contains the following exclusions:

> 1. Coverage L and M do not apply to:
>
>    a. **bodily injury** or **property damage**:
>
>       (1) which is either expected or intended by the **insured**; or
>
>       (2) which is the result of a willful and malicious acts of the **insured**;

### FIRST COUNT

15. State Farm repeats and realleges all of the preceding allegations of the Complaint for Declaratory Judgment as if set forth at length herein.

16. A controversy exists between the parties concerning their respective rights under the subject policy.

17. By reason of the foregoing, a Declaratory Judgment is both necessary and proper in order to set forth and determine the rights, obligations and liabilities that exist between the

-3-

18304540v.1

parties in connection with the aforementioned policy.

18. The conduct of Najib K. Nabi, which forms the basis of the action filed on behalf of Joseph C. Stimmel, does not constitute an occurrence under the policy at issue.

19. The conduct of Najib K. Nabi, which forms the basis of the action filed on behalf of Joseph C. Stimmel, constitutes an intentional act that is excluded from coverage under the Intentional Act Exclusion set forth in the policy at issue.

20. The conduct of Najib K. Nabi, which forms the basis of the action filed on behalf of Joseph C. Stimmel, constitutes a willful and malicious act that is excluded from coverage under the Willful and Malicious Act Exclusion set forth in the policy at issue.

21. The claims and demands made and pursued against Najib K. Nabi are excluded from coverage based upon the policy language and exclusions set forth in Policy Number 30-CQ-8152-9.

**WHEREFORE**, plaintiff, State Farm Fire and Casualty Company, respectfully requests the Court to enter judgment as follows:

a. a declaration that State Farm Fire and Casualty Company is not required to defend and/or indemnify Najib K. Nabi under Policy Number 30-CQ-8152 -9.

b. Attorneys' fees and cost of suit; and

c. Such other and further relief as this Court deems just and proper.

## SECOND COUNT

22. State Farm repeats and realleges all of the preceding allegations of the Complaint for Declaratory Judgment as if set forth at length herein.

23. Defendants, Joseph C. Stimmel, John Doe 1-10 and ABC Corps. 1-10, are individuals and/or entities that may have or may claim an interest in the coverage issues being litigated between Najib K. Nabi and State Farm, which interests would be affected by the

declarations requested of the Court in this matter.

**WHEREFORE**, State Farm Fire and Casualty Company, respectfully requests that the Court enter judgment as follows:

a. a declaration that State Farm Fire and Casualty Company is not required to defend and/or indemnify Najib K. Nabi;

b. a declaration that all parties to this action are bound by and subject to the determinations rendered in this matter.

c. attorneys' fees and cost of suit; and

d. such other and further relief as this Court deems just and proper.

### DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:5-1(c), Robert T. Pindulic, Esq., is hereby designated as trial counsel for plaintiff, State Farm Fire and Casualty Company.

### JURY DEMAND

The plaintiff hereby demands a trial by jury on all issues so triable herein.

### CERTIFICATION PURSUANT TO R. 4:5-1(b)(2)

Pursuant to R. 4:5-2, I hereby certify that I have no knowledge of any other pending action or proceedings concerning the subject matter of this action other than the matters of Joseph C. Stimmel v. Najib K. Nabi, et al. and Najib Nabi v. Joseph Stimmel, et al., which have been consolidated in the Superior Court of New Jersey, Law Division, Middlesex County, under Docket Number MID-L-2674-16.

DATED:     January 30, 2017          WHITE AND WILLIAMS LLP
                                     Attorneys for Plaintiff,
                                     *State Farm Fire and Casualty Company*

                                     BY: _____
                                         ROBERT T. PINDULIC

18304540v.1

**EXHIBIT 1**

Richard J. Turano
Attorney ID# 017682008

RJT/19,650
November 5, 2015
BUGLIONE, HUTTON & DEYOE LLC
401 Hamburg Turnpike
P.O. Box 2449
Wayne, New Jersey 07474-2449
(973) 595-6300
ATTORNEYS FOR PLAINTIFF, JOSEPH C. STIMMEL



RECEIVED & FILED
SUPERIOR COURT OF NEW JERSEY
NOV 9 - 2015
PASSAIC COUNTY

---

| | |
|---|---|
| Plaintiff(s) | : SUPERIOR COURT OF NEW JERSEY |
| | : LAW DIVISION: PASSAIC COUNTY |
| JOSEPH C. STIMMEL | : DOCKET NO.:  L-3837-15 |
| | : |
| vs. | : |
| | : CIVIL ACTION |
| Defendant(s) | : |
| | : COMPLAINT, JURY DEMAND |
| NAJIB K. NABI | : DESIGNATION OF TRIAL |
| JOHN DOES (1-10); | : COUNSEL CERTIFICATION |
| & ABC Corps. (1-10) | : R4:5-1 |

---

The plaintiff, JOSEPH C. STIMMEL, residing at 9 Ruskin Court, in the Township of Wayne, County of Passaic, and State of New Jersey, by way of Complaint against the defendants says:

### FIRST COUNT
(Negligence)

1. At all times material to the within cause of action, defendants were Najib K. Nabi ("Mr. Nabi"), JOHN DOES (1-10), & ABC Corps. (1-10) on May 6, 2014.

2. On May 6, 2014, defendant, Mr. Nabi, physically confronted and injured plaintiff, Joseph C. Stimmel ("Mr.

Stimmel"), causing him to sustain bodily harm including, but not limited to permanent injuries to plaintiff's head, face, neck, and emotional distress.

3. As a direct and proximate result of the negligence and reckless conduct of defendant, Mr. Nabi, plaintiff, Mr. Stimmel, suffered bodily injuries, spent sums of money for medical expenses and loss of property, suffered emotional distress, has incurred lost wages, and has been caused and in the future will be caused great pain and suffering to his loss and damage.

5. This count will apply to all John Does and ABC Corps. in the present case, if they are revealed to be responsible parties in this action.

WHEREFORE, plaintiff, Joseph C. Stimmel, demands judgment against defendants, Najib K. Nabi, John Does (1-10), and ABC Corps. (1-10) in the amount of his damages together with interest, attorney's fees and costs of suit, as well as all counts of this complaint.

BUGLIONE, HUTTON & DEYOE LLC
Attorneys for Plaintiff,
Joseph C. Stimmel

BY: _____
Richard J. Turano

DATED: November 5, 2015

2

## JURY DEMAND

Plaintiff demands a trial by jury on all Counts of this Complaint.

## DESIGNATION OF TRIAL COUNSEL

Richard J. Turano, Esq., is designated as trial counsel, pursuant to Rule 4:25-4.

## CERTIFICATION OF COUNSEL

Pursuant to Rule 4:5-1, the undersigned hereby certifies that at the time of filing of this Complaint, the matter in controversy is not the subject of any other action pending or contemplated in any Court and/or arbitration proceeding. The undersigned further certifies that no other parties are known that should be joined in the within action.

## DEMAND FOR INTERROGATORIES

Demand is hereby made that defendants provide answers to Form C and C(2) Interrogatories, pursuant to New Jersey Court Rules within the time prescribed by the Court.

## DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

Pursuant to New Jersey Court Rules 4:1-02(b), demand is made that defendants disclose to plaintiff's attorney whether or not there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be

3

liable to satisfy part of all of a judgment which may be entered in this action or indemnify or reimburse for payments made to satisfy the judgment and provide plaintiff's attorney with true copies of those insurance agreements or policies, including, but not limited to, any and all declaration sheets.

This demand shall include and cover not only primary coverage, but also any and all excess catastrophe and umbrella policies.

BUGLIONE, HUTTON & DEYOE LLC
Attorneys for Plaintiff,
Joseph C. Stimmel

BY: ______________________
Richard J. Albanese

DATED: November 5, 2015

Appendix XII-B1



| | | |
|---|---|---|
| **CIVIL CASE INFORMATION STATEMENT** (CIS) Use for initial Law Division Civil Part pleadings (not motions) under *Rule* 4:5-1 Pleading will be rejected for filing, under *Rule* 1:5-6(c), if information above the black bar is not completed or attorney's signature is not affixed | | **FOR USE BY CLERK'S OFFICE ONLY** PAYMENT TYPE: ☐ CK ☐ CG ☐ CA CHG/CK NO. AMOUNT: OVERPAYMENT: BATCH NUMBER: |

| ATTORNEY / PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| Robert T. Pindulic, Esq. | (201) 368-7200 | Middlesex |

| FIRM NAME (if applicable) | DOCKET NUMBER (when available) |
|---|---|
| White and Williams LLP | MID-L-00688-17 |

| OFFICE ADDRESS | DOCUMENT TYPE |
|---|---|
| The Legal Center, One Riverfront Plaza 1037 Raymond Boulevard, Suite 230 Newark, New Jersey 07102 | Complaint |
| | JURY DEMAND  ■ YES  ☐ NO |

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
|---|---|
| State Farm Fire and Casualty Company, Plaintiff | State Farm Fire and Casualty Company v. Najib K. Nabi, et al. |

| CASE TYPE NUMBER (See reverse side for listing) | HURRICANE SANDY RELATED? | IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐ YES ■ NO |
|---|---|---|
| 505 | ☐ YES  ■ NO | IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |

| RELATED CASES PENDING? | IF YES, LIST DOCKET NUMBERS |
|---|---|
| ■ YES  ☐ NO | PAS-L-3837-15 and MID-L-2674-16 |

| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? ☐ YES  ■ NO | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known) ☐ NONE ☐ UNKNOWN |
|---|---|

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? ☐ YES  ■ NO | IF YES, IS THAT RELATIONSHIP: ☐ EMPLOYER/EMPLOYEE   ☐ FRIEND/NEIGHBOR   ☐ OTHER (explain) ☐ FAMILIAL           ☐ BUSINESS |
|---|---|

| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? | ☐ YES  ☐ NO |
|---|---|

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION



| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? ☐ YES  ■ NO | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|
| WILL AN INTERPRETER BE NEEDED? ☐ YES  ■ NO | IF YES, FOR WHAT LANGUAGE? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE: *[signature]*

Effective 10/01/2016, CN 10517                                                                                                                                       page 1 of 2

**Side 2**



# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

### Track I - 150 days' discovery
- 151 NAME CHANGE
- 175 FORFEITURE
- 302 TENANCY
- 399 REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
- 502 BOOK ACCOUNT (debt collection matters only)
- 505 OTHER INSURANCE CLAIM (including declaratory judgment actions)
- 506 PIP COVERAGE
- 510 UM or UIM CLAIM (coverage issues only)
- 511 ACTION ON NEGOTIABLE INSTRUMENT
- 512 LEMON LAW
- 801 SUMMARY ACTION
- 802 OPEN PUBLIC RECORDS ACT (summary action)
- 999 OTHER (briefly describe nature of action)

### Track II - 300 days' discovery
- 305 CONSTRUCTION
- 509 EMPLOYMENT (other than CEPA or LAD)
- 599 CONTRACT/COMMERCIAL TRANSACTION
- 603N AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
- 603Y AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
- 605 PERSONAL INJURY
- 610 AUTO NEGLIGENCE – PROPERTY DAMAGE
- 621 UM or UIM CLAIM (includes bodily injury)
- 699 TORT – OTHER

### Track III - 450 days' discovery
- 005 CIVIL RIGHTS
- 301 CONDEMNATION
- 602 ASSAULT AND BATTERY
- 604 MEDICAL MALPRACTICE
- 606 PRODUCT LIABILITY
- 607 PROFESSIONAL MALPRACTICE
- 608 TOXIC TORT
- 609 DEFAMATION
- 616 WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
- 617 INVERSE CONDEMNATION
- 618 LAW AGAINST DISCRIMINATION (LAD) CASES

### Track IV - Active Case Management by Individual Judge / 450 days' discovery
- 156 ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
- 303 MT. LAUREL
- 508 COMPLEX COMMERCIAL
- 513 COMPLEX CONSTRUCTION
- 514 INSURANCE FRAUD
- 620 FALSE CLAIMS ACT
- 701 ACTIONS IN LIEU OF PREROGATIVE WRITS

### Multicounty Litigation (Track IV)
- 271 ACCUTANE/ISOTRETINOIN
- 274 RISPERDAL/SEROQUEL/ZYPREXA
- 281 BRISTOL-MYERS SQUIBB ENVIRONMENTAL
- 282 FOSAMAX
- 285 STRYKER TRIDENT HIP IMPLANTS
- 286 LEVAQUIN
- 287 YAZ/YASMIN/OCELLA
- 289 REGLAN
- 290 POMPTON LAKES ENVIRONMENTAL LITIGATION
- 291 PELVIC MESH/GYNECARE
- 292 PELVIC MESH/BARD
- 293 DEPUY ASR HIP IMPLANT LITIGATION
- 295 ALLODERM REGENERATIVE TISSUE MATRIX
- 296 STRYKER REJUVENATE/ABG II MODULAR HIP STEM COMPONENTS
- 297 MIRENA CONTRACEPTIVE DEVICE
- 299 OLMESARTAN MEDOXOMIL MEDICATIONS/BENICAR
- 300 TALC-BASED BODY POWDERS
- 601 ASBESTOS
- 623 PROPECIA

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics.

Please check off each applicable category   ☐ **Putative Class Action**   ☐ **Title 59**