UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NAJIB NABI, <br><br> Plaintiff, <br><br> v. <br><br> KEITH ABRAMS *et al.*, <br><br> Defendants. | Civ. No. 18-4099 <br><br> **OPINION** |

THOMPSON, U.S.D.J.

# INTRODUCTION

This matter comes before the Court upon a Consent Motion to Remand filed by Plaintiff Najib Nabi ("Plaintiff") and signed by Defendant Pierrelie's Fountain, Inc. d/b/a The Golden Rail ("Golden Rail"), Defendant Joseph Stimmel, and State Farm Fire & Casualty Company. (ECF No. 44.) None of the parties oppose. The Court has decided this matter based upon the written submissions and without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons stated herein, the Motion to Remand is granted.

# BACKGROUND

This civil action arises out of a bar fight and its subsequent prosecution.[1] On May 6, 2014, Defendant Stimmel, a bouncer at Golden Rail, attempted to forcibly remove Plaintiff from the premises after Plaintiff had engaged in a confrontation with another patron. (2d Am. Compl. ¶¶ 37–46, ECF No. 19.) During the attempted removal, Defendant Stimmel claims that Plaintiff

---

[1] The facts of this case are summarized more fully in this Court's prior Opinion on Defendants City of New Brunswick's and Brandt Gregus' Motion for Judgment on the Pleadings. (ECF No. 38.)

broke a glass over his face. (*See id*. ¶¶ 56h, 121, 139.) Part of the altercation was caught on a surveillance video. (*Id.* ¶ 23, 40.) Four days later, Defendant Brandt Gregus, a detective for the New Brunswick Police Department, began investigating the incident and took a statement of the events from Defendant Stimmel (the "Victim Statement"). (*Id.* ¶¶ 53–55.) In his statement, Defendant Stimmel identified Plaintiff as the initial aggressor. (*Id.* ¶ 54–56.) Defendant Gregus relied on the Victim Statement in his application for a Complaint-Warrant against Plaintiff, which the Honorable Philip A. Borrow granted. (*Id.* ¶¶ 58.) Defendant Gregus allegedly did not review the surveillance video or bring it to Judge Borrow's attention until after the application was granted. (*Id*. ¶¶ 59–62.) Plaintiff was charged, indicted, and then acquitted of aggravated assault and possession of a weapon for an unlawful purpose. (*See id*. ¶¶ 65, 136, 150.) Plaintiff alleges that Defendant Stimmel knowingly provided false information to Defendant Gregus and thereby "recklessly instituted criminal proceedings without any reasonable basis." (*Id.* ¶¶ 63–64.) Plaintiff also alleges that Defendant Stimmel repeatedly pressured the New Brunswick Police Department to arrest him. (*Id.* ¶ 89.)

On November 9, 2015, Defendant Stimmel filed a negligence action against Plaintiff in New Jersey Superior Court, Passaic County. (ECF No. 1-3.) On May 3, 2016, Plaintiff filed a lawsuit in New Jersey Superior Court, Middlesex County. On September 16, 2016, these two matters were consolidated in New Jersey Superior Court, Middlesex County. State Farm Fire & Casualty Company filed a third lawsuit against Plaintiff and Defendant Stimmel for declaratory judgment on February 2, 2017, which was subsequently consolidated with the other two civil actions. On September 11, 2017, these cases were transferred to the New Jersey Superior Court, Somerset County.

Plaintiff filed the First Amended Complaint on February 21, 2018 (ECF No. 1-1), and

Defendants removed the action to this Court on March 23, 2018 (ECF No. 1). In April 2018, various Defendants filed motions to dismiss (ECF Nos. 3, 5), and on November 26, 2018, the Court dismissed the claims against Defendants New Brunswick Police Department and the Middlesex County Prosecutor's Office (Letter Op. and Order at 3, ECF No. 18). On December 14, 2018, Plaintiff filed the Second Amended Complaint, the operative complaint, alleging fifteen counts against Joseph Stimmel, Edward Ellsworth, James McCaffrey, Golden Rail, Thomas Mannion, Keith Abrams, the Middlesex County Prosecutor's Office, Brandt Gregus, and the City of New Brunswick. (ECF No. 19.) Counts I through IX of the Second Amended Complaint allege state law violations, including assault and battery, negligence, and malicious prosecution. (2d Am. Compl. ¶¶ 153–200.) Counts X through XIV of the Second Amended Complaint allege violations of Plaintiff's Fourth and Fourteenth Amendment rights, pursuant to 42 U.S.C. § 1983. (*Id.* ¶¶ 201–232.)

On February 8, 2019, Defendants City of New Brunswick and Brandt Gregus filed a Motion for Judgment on the Pleadings (ECF No. 29), which the Court granted on July 30, 2019 (ECF No. 39). On April 2, 2019, Plaintiff filed, and the Court subsequently approved, a Stipulation of Voluntary Dismissal that dismissed all claims against Defendants Thomas Mannion, Keith Abrams, and the Middlesex County Prosecutor's Office. (ECF Nos. 34, 35.) Plaintiff and the remaining Defendants, Joseph Stimmel and Golden Rail, along with State Farm Fire & Casualty Company,[2] now jointly move that the Court remand this matter to the Superior Court of New Jersey, Somerset County based on lack of subject-matter jurisdiction. (ECF No. 44.) This Motion to Remand is now before the Court.

---

[2] The Second Amended Complaint does not allege any claims against State Farm Fire & Casualty Company.

3

## LEGAL STANDARD

A defendant may remove a civil action filed in state court to the federal court where the action might originally have been brought. 28 U.S.C. § 1441(a). The federal court must have subject-matter jurisdiction over the action, which requires a federal question or diversity of citizenship. 28 U.S.C. §§ 1441(b), 1331, 1332. Federal-question jurisdiction exists when the action arises "under the Constitution, laws, or treaties of the United States." *Id.* § 1331. "If at any time before final judgment it appears that the district court lacks subject-matter jurisdiction, the case shall be remanded" to state court. 28 U.S.C. § 1447(c).

## DISCUSSION

Subject-matter jurisdiction in this case is premised on federal-question jurisdiction. (Notice of Removal ¶ 2, ECF No. 1.) In Counts X through XIV of the Second Amended Complaint, Plaintiff alleges violations of the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983 against Defendants Brandt Gregus, City of New Brunswick, the Middlesex County Prosecutor's Office, Thomas Mannion, Keith Abrams, and Joseph Stimmel. (*See* 2d Am. Compl. ¶¶ 201–32.) The federal claims against each of these Defendants have been dismissed, either through the April 2, 2019 Stipulation and Order of Voluntary Dismissal (ECF No. 35) or the Court's July 30, 2019 Order (ECF No. 39), except for Count XIV against Defendant Stimmel, which the Court has not yet addressed. Count XIV alleges that Defendant Stimmel violated Plaintiff's Fourth and Fourteenth Amendment rights by furnishing false information to law enforcement and/or concealing material information from prosecuting authorities, and that Defendant Stimmel can be held liable as a state actor under 42 U.SC. § 1983. (*See* 2d Am. Compl. ¶¶ 224–32.)

A plaintiff may only bring a §1983 claim against a person acting under "color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). This requires that the defendant exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49 (citation omitted). Generally, this applies to public employees acting in their official capacities. *Id.* at 50. However, a § 1983 claim may be brought against a private actor if his actions satisfy one of three fact-specific tests developed by the Third Circuit:

> (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the [s]tate has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity.

*Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (quoting *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1142 (3d Cir. 1995) (internal quotation marks omitted)). Here, Plaintiff alleges that Defendant Stimmel's actions satisfied all three tests. (2d Am. Compl. ¶¶ 227–30.)

The "exclusivity" aspect of the first test is a rigorous standard that is rarely satisfied. *Mark*, 51 F.3d at 1142; *see, e.g.*, *Black v. Indiana Area Sch. Dist.*, 985 F.2d 707, 710–11 (3d Cir. 1993) (denying a § 1983 claim against a private bus company contracted by a public school because the bus drivers were not performing a function that has been "traditionally the exclusive prerogative of the state"). Here, the alleged action—providing false information to law enforcement—is not an action that is the exclusive prerogative of the state. While investigating criminal offenses may be the exclusive prerogative of the state, the provision of information to law enforcement during their investigations is almost always provided by private witnesses and victims.

Plaintiff's allegations also fail the second test. While Plaintiff alleges that Defendant Stimmel was working with state officials to carry out a malicious prosecution, the specific act in question did not involve state official participation. *See, e.g.*, *Borrell v. Bloomsburg Univ.*, 870 F.3d 154, 161 (3d Cir. 2017) (holding that a district court's finding that a private actor "was a willful participant in a joint activity" with a public entity was insufficient to meet the state action requirement, because the analysis must focus on whether the *specific action* was "fairly attributable to the state"). Plaintiff has alleged no agreement between Defendant Stimmel and state actors to provide false information in the Victim Statement, nor does he allege that state actors assisted Defendant Stimmel in shaping the contents of his Victim Statement. *Compare Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970) (holding that a conspiracy between a private party and a state official to engage in unlawful discrimination satisfied the color of law requirement).

The Third test requires "such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Kach*, 589 F.3d at 646 (quoting *Boyle v. Governor's Veterans Outreach & Assistance Ctr.*, 925 F.2d 71, 76 (3d Cir. 1991)). The State is only held responsible for a private decision when it has "exercised coercive power," such that "the choice must in law be deemed that of the state." *Boyle*, 925 F.2d at 71, 76. Here, Plaintiff has not alleged that any state actor coerced Defendant Stimmel into making false statements to law enforcement. On the contrary, Plaintiff seems to argue that Defendant Stimmel made these statements of his own initiative, thereby instigating the investigation into Plaintiff. (2d Am. Compl. ¶¶ 49–50, 54–56.)

Plaintiff's claim that a victim or witness, by providing a statement to law enforcement, is converted into a state actor subject to suit under 42 U.S.C. § 1983 cannot prevail. Therefore, Count XIV against Defendant Stimmel is dismissed *sua sponte*.[3]

Since there are no longer any federal claims in this suit, the Court lacks subject-matter jurisdiction and the case must be remanded to state court.

## **CONCLUSION**

For the foregoing reasons, the Consent Motion to Remand is granted. An appropriate Order will follow.

Date: January 9, 2020                           */s/ Anne E. Thompson*
                                                                                  ANNE E. THOMPSON, U.S.D.J.

---

[3] Generally, a district court may *sua sponte* dismiss a complaint under Rule 12(b)(6) after service of process only if the plaintiff is afforded an opportunity to respond. *See Oatess v. Sobolevitch*, 914 F.2d 428, 430 n.5 (3d Cir.1990). "However, although disfavored, a *sua sponte* dismissal may stand even if the plaintiff is not provided notice and an opportunity to respond where it is clear that the plaintiff cannot prevail and that any amendment would be futile." *Bethea v. Nation of Islam*, 248 Fed. App'x 331, 333 (3d Cir. 2007) (citing *Chute v. Walker*, 281 F.3d 314, 319 (1st Cir. 2002)). Here, it is clear that Defendant Stimmel was not a state actor and did not act under color of state law, and therefore the § 1983 claim against him cannot prevail.